IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3043-F

SAMUEL UCLES,            )
                         )
           Plaintiff,    )
                         )
v.                       )        **ORDER**
                         )
UNITED STATES OF AMERICA, et al., )
                         )
           Defendants.   )

On February 18, 2015, Plaintiff, an inmate in federal custody, filed this action pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Compl. [DE-1]. Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915 [DE-2], and the matter is now before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As an initial matter, Plaintiff has filed a motion requesting the appointment of counsel [DE-3]. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Accordingly, Plaintiff's motion for the appointment of counsel [DE-3] is DENIED.

In his complaint, Plaintiff contends that, on September 11, 2010, he was injured while on prisoner work detail. Compl. [DE-1], p. 3. He was incarcerated at the Federal Correctional Institution in Butner, North Carolina when this injury occurred. Id. These allegations have already been the subject of a prior complaint in this court. See Ucles v. United States of America, No. 5:12-CT-3032-

2

BO. Plaintiff's previous case was dismissed because, *inter alia*, "Plaintiff is barred from litigating the matter under the FTCA." Ucles, No. 5:12-CT-3032-BO, [DE-20], p. 3. "Res judicata or claim preclusion bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" Ohio Valley Environmental Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore, *et al.*, Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)). It is apparent from the face of Plaintiff's complaint that both of his actions are predicated on the same facts. Indeed, the two complaints are virtually identical. Thus, the claims in the instant complaint are barred by the doctrine of *res judicata*.

Moreover, the FTCA limitations period is codified at 28 U.S.C. § 2401(b), which provides as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Plaintiff received notice of final denial of the claim on or about March 25, 2011. Ucles, No. 5:12-CT-3032-BO, [DE-1-1], p. 17. The instant complaint was not filed until February 18, 2015, and Plaintiff's complaint provides no basis for equitable tolling. Therefore, Plaintiff's claim is time-barred. Horsey v. United States, No. CIV.A. ELH-14-03844, 2015 WL 1566238, at *4 (D. Md. Apr. 7, 2015).[1]

---

[1] The court notes that any potential claim pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) is likewise time-barred. Myers v. AT & T, Inc., No. 5:12-CV-714-BO, 2014 WL 6851642, at *5 (E.D.N.C. Dec. 2, 2014) (applying three year statute of limitation to a Bivens action occurring in North Carolina).

## Conclusion

For these reasons, Plaintiff's motion to appoint counsel [DE-3] is DENIED and Plaintiff's complaint is DISMISSED as frivolous. The Clerk of Court is directed to close this case.

SO ORDERED. This 11 day of May, 2015.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge